Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S. App. D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

--------

Argued February 24, 2005　　　　　　Decided June 10, 2005

No. 04-5157

MARIAN K. HANSSON
APPELLANT

v.

GALE A. NORTON, SECRETARY,
UNITED STATES DEPARTMENT OF THE INTERIOR,
APPELLEE

--------

Appeal from the United States District Court
for the District of Columbia
(No. 02cv02028)

--------

*David C. Vladeck* argued the cause and filed the briefs for appellant.

*Marina U. Braswell*, Assistant U.S. Attorney, argued the cause for appellee. With her on the briefs were *Kenneth L. Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *R. Craig Lawrence* entered an appearance.

*John A. Payton* and *Paul R. Wolfson* were on the brief for *amicus curiae* NAACP Legal Defense and Educational Fund, Inc. in support of appellant.

Before: EDWARDS, ROGERS and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: Marion Hansson seeks to recover $37,077.94 in attorney's fees that she incurred in settling her administrative complaints against the Bureau of Indian Affairs ("BIA") in the Department of the Interior for discrimination on the basis of her national origin and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2000), and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* (2000). When the Secretary of the Interior awarded only one-fourth of the requested attorney's fees, Hansson filed suit in the district court, alleging that the Secretary's final fee award violated Title VII, Equal Employment Opportunity Commission ("EEOC") regulations, and the parties' settlement agreement. The district court granted the Secretary's motion to dismiss the complaint, ruling that it lacked subject matter jurisdiction under Title VII, 42 U.S.C. § 2000e-5(f)(3).

Upon *de novo* review, *see Gen. Elec. Co. v. EPA*, 360 F.3d 188, 190-91 (D.C. Cir. 2004), we hold that the district court lacked jurisdiction over Hansson's complaint because it was a contract claim against the United States for more than $10,000, over which the Court of Federal Claims has exclusive jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (2000). This court generally treats settlement agreements as contracts subject to the exclusive jurisdiction of the Court of Federal Claims, *see Shaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003), and the court recently held in *Brown v. United States*, 389

F.3d 1296, 1297 (D.C. Cir. 2004), that a claim for breach of a Title VII settlement agreement is a contract claim within the meaning of the Tucker Act. Because Hansson's claim for attorney's fees neither requires an interpretation of Title VII with respect to her discrimination complaint nor seeks equitable relief, it involves "only straightforward contract issues" that belong in the Court of Federal Claims. *Shaffer*, 325 F.3d at 373. Accordingly, we vacate the opinion and judgment of the district court and remand the case to the district court with instructions to transfer the case to the Court of Federal Claims. *See* 28 U.S.C. § 1631 (2000).

**I.**

Marian Hansson, "an American of Kiowa (American Indian) origin" who is over sixty years of age, is employed by the BIA as a curator of American Indian art. Compl. ¶ 2, at 2. In November 2001, she retained the law firm of Gebhardt & Associates, LLP ("Gebhardt"), to file several administrative complaints with the BIA alleging employment discrimination on the basis of her national origin and age. On June 28, 2002, the BIA executed a Resolution Agreement granting Hansson substantially all of the relief sought in her complaints, including "reasonable attorney's fees and costs" in accordance with the EEOC regulations at 29 C.F.R. § 1614.501(e) (2004). Resolution Agreement ¶ 8m, at 8. In exchange, Hansson agreed to withdraw all pending and potential discrimination complaints against the BIA, through the date of the Resolution Agreement. *Id*. ¶ 5, at 3. The settlement agreement provided that "should the Agency fail to honor its obligations as set forth in this Resolution Agreement for any reason not attributed to acts or conduct by the Complainant, the provisions outlined in 29 C.F.R. § 1614.504 shall govern." *Id.* ¶ 11, at 9.

In accordance with the Resolution Agreement, Gebhardt submitted to the BIA a statement of its fees and costs associated

with its representation of Hansson, totaling $37,077.94. By letter of September 12, 2002, the Director of the Office for Equal Opportunity ("OEO") for the Department of the Interior awarded Gebhardt $8,959.44, explaining that the law firm was not entitled to fees for pre-complaint services or for services related to Hansson's age discrimination claim. The OEO letter also stated that this was the agency's final decision regarding Hansson's claim for attorney's fees and costs, and that she could appeal the decision to the EEOC within 30 days or, "[i]n lieu of an appeal to the Commission, [she could] file a civil action in an appropriate United States District Court" within 90 days, naming the Secretary of the Interior as the defendant.

On October 16, 2002, Hansson sued the Secretary in the United States District Court for the District of Columbia, alleging that the final decision to award less than one-fourth of the requested attorney's fees was arbitrary, capricious, and in violation of Title VII, 42 U.S.C. § 2000e-5(k),[1] the EEOC regulations, 29 C.F.R. § 1614.501(e), and the Resolution Agreement. She sought recovery of the $37,077.94 in attorney's fees incurred in settling her administrative complaints — the same amount her attorney requested pursuant to the Resolution Agreement — plus reasonable attorney's fees and costs incurred in maintaining this action. The Secretary moved to dismiss the complaint for lack of subject matter jurisdiction under Title VII and for failure to exhaust administrative remedies, and Hansson cross-moved for summary judgment. The district court granted the Secretary's motion to dismiss for lack of subject matter jurisdiction, and Hansson appeals.

---

[1] 42 U.S.C. § 2000e-5(k) provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."

## II.

In dismissing Hansson's complaint, the district court ruled that 42 U.S.C. § 2000e-5(f)(3), which grants jurisdiction over "actions brought under" Title VII, does not extend to actions brought solely to recover attorney's fees incurred during Title VII administrative proceedings. It relied on *North Carolina Department of Transportation v. Crest Street Community Council, Inc.*, 479 U.S. 6 (1986), which held that 42 U.S.C. § 1988 does not authorize courts to award attorney's fees in actions brought solely to recover attorney's fees incurred during Title VI administrative proceedings. *Id.* at 15. On appeal, Hansson contends that her case is governed by *New York Gaslight Club v. Carey*, 447 U.S. 54 (1980), which stated that Title VII's "authorization of a civil suit in federal court encompasses a suit solely to obtain an award of attorney's fees for legal work done in state and local proceedings." *Id.* at 66. She maintains that the district court erred in relying on *Crest Street* because the language and structure of Title VI are different from that of Title VII: first, § 1988 authorizes an award of attorney's fees in "actions or proceedings *to enforce*" Title VI, while § 2000e-5(k) authorizes an award of attorney's fees for any "action or proceeding *under*" Title VII, and second, administrative proceedings are voluntary under Title VI, while they are mandatory under Title VII.

In supplemental briefs on appeal the parties addressed two issues: first, whether Hansson was a "prevailing party" within the meaning of § 2000e-5(k) in light of the court's recent decision in *Alegria v. District of Columbia*, 391 F.3d 262 (D.C. Cir. 2004), which applied *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (2000); and second, whether the district court had jurisdiction over Hansson's claim for attorney's fees in light of the court's recent

decision in *Brown*, 333 F.3d 1296.  The court expresses appreciation to the parties for this assistance.  We now conclude that Hansson's claim for attorney's fees is a contract claim that belongs in the Court of Federal Claims, and we do not reach the question whether Title VII authorizes an award of attorney's fees in an action brought solely to recover attorney's fees or the question whether Hansson is a "prevailing party."

Although Hansson maintains on appeal that her complaint raises a Title VII claim for attorney's fees and not a contract claim to enforce the Resolution Agreement, the record indicates otherwise.  Hansson's complaint seeks "relief for harm caused to her by [the Agency's] unlawful refusal to comply with the Resolution Agreement . . . in that the Agency has without justification refused to pay reasonable attorney's fees."  Compl. ¶ 1, at 1.  Specifically, the complaint alleges three "causes of action": first, that the Secretary's final fee award "is arbitrary, capricious, and unsupported by law, in violation of 42 U.S.C. § 2000e-5(k) and 29 C.F.R. § 1614.501(e)"; second, that it "violates the Resolution Agreement signed by [Hansson] and the BIA"; and third, that it "constitutes an improper deferral of decision-making authority from the BIA to the Office of the Secretary."  *Id.* ¶¶ 14-16, at 4.  Hansson's complaint does not allege that the denial of her requested attorney's fees violated Title VII because it was discriminatory; nor does she seek redetermination of her original discrimination claims.  *Cf. Scott v. Johanns*, No. 04-5267 (D.C. Cir. June 3, 2005).  On appeal, Hansson relies primarily on the first cause of action, which appears to invoke this court's authority under the Administrative Procedure Act to review final agency actions.  *See* 5 U.S.C. § 704 (2000).  Such review is precluded, however, if there is another "adequate remedy in a court," *id.*, or if "any other statute," such as the Tucker Act, "expressly or impliedly forbids the relief which is sought," *id.* § 702, in what is "essentially a contract action," *Albrecht v. Comm. on Employee Benefits*, 357

F.3d 62, 68 (D.C. Cir. 2004).

Moreover, while Hansson claims she has the right to bring an independent Title VII action for attorney's fees, any such action would be waived by her execution of the Resolution Agreement and could not be pursued until it was reinstated pursuant to 29 C.F.R. § 1614.504(a), or until there was a determination that the Secretary had breached the Agreement. *See, e.g.*, *Brown*, 389 F.3d at 1297; *Saksenasingh v. Sec'y of Educ.*, 126 F.3d 347, 350 (D.C. Cir. 1997). Contrary to Hansson's suggestion, nothing in the Resolution Agreement preserves Hansson's right to bring a Title VII action for attorney's fees in district court pursuant to 29 C.F.R. § 1614.407 if the parties disagree on the amount of fees.[2] The Resolution Agreement states that Hansson "will receive no relief or other consideration beyond that recited in this Resolution Agreement." Resolution Agreement ¶ 6, at 4. While Hansson points to the EEOC regulations incorporated by the Resolution Agreement, those regulations provide only administrative procedures for contesting the final fee award. The Resolution Agreement states that "[t]he Agency shall pay reasonable attorney's fees and costs . . . in accordance with the EEOC regulations at 29 C.F.R. § 1614.501(e)." *Id.* ¶ 8m, at 8. Those regulations provide that the final fee award "shall include a notice of right to appeal to EEOC," 29 C.F.R. § 1614.501(e), not that Hansson retains the

---

[2] Title VII provides that any federal employee "aggrieved by the [agency's] final disposition of his [or her] [discrimination] complaint . . . may file a civil action as provided in section 2000e-5 of this title." 42 U.S.C. § 2000e-16(c). The EEOC regulations at 29 C.F.R. § 1614.407 explain that a complainant "is authorized under [T]itle VII . . . to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed [with the EEOC]."

8

right to bring a Title VII action for attorney's fees in district court pursuant to 29 C.F.R. § 1614.407.

The Resolution Agreement also states that "should the Agency fail to honor its obligations as set forth in this Resolution Agreement . . . the provisions outlined in 29 C.F.R. § 1614.504 shall govern." Resolution Agreement ¶ 11, at 9. Those provisions provide:

> If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. § 1614.504(a).

As the Secretary points out, Hansson failed to notify the EEO Director of any alleged breach of the Resolution Agreement. Furthermore, 29 C.F.R. § 1614.504 does not authorize Hansson to file a Title VII action in district court, for it provides only that her complaint may be "reinstated for further processing at the point processing ceased," which, for Hansson, was in the administrative process.

Nor, contrary to Hansson's contention, did the OEO letter of September 12, 2002 contemplate the preservation of a Title VII action for attorney's fees: while advising Hansson that she could file a civil action in district court in lieu of appealing the Secretary's final fee award to the EEOC, it did not indicate that

Hansson could bring a Title VII action for attorney's fees that was otherwise waived by her execution of the Resolution Agreement. Rather, the portion of the OEO letter on which Hansson relies appears to be boilerplate language paraphrasing 29 C.F.R. § 1614.407, which was not incorporated by the Resolution Agreement. Thus, nothing in the Resolution Agreement or the OEO letter preserves Hansson's right to file a Title VII action for attorney's fees in district court. Accordingly, Hansson's claim "turns *entirely* on the terms of a contract," and appears to belong in the Court of Federal Claims. *Albrecht*, 357 F.3d at 69.

While the court generally treats settlement agreements as contracts within the meaning of the Tucker Act, *see Shaffer*, 325 F.3d at 372, it also recognizes that when a settlement agreement incorporates substantive provisions of federal law such that enforcement of the agreement requires the interpretation and application of federal law, that enforcement action arises under federal law and belongs in the district court. *See id.* at 372-73; *Bd. of Trustees v. Madison Hotel, Inc.*, 97 F.3d 1479, 1484-86 (D.C. Cir. 1999). Here, the Resolution Agreement incorporates 29 C.F.R. § 1614.501(e), which describes the familiar lodestar method for calculating attorney's fees:

> The starting point shall be the number of hours reasonably expended multiplied by a reasonable hourly rate. There is a strong presumption that this amount represents the reasonable fee. In limited circum-stances, this amount may be reduced or increased in consideration of the degree of success, quality of representation, and long delay caused by the agency.

29 C.F.R. § 1614.501(e)(2)(ii)(B); *see Hensley v. Eckerhart*, 461 U.S. 424 (1983). Hansson acknowledges that the "reasonable hourly rate" is guided by the *Laffey* matrix prepared by the U.S.

Attorney's Office. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105-11 (D.C. Cir. 1995) (citing *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds* 746 F.2d 4 (D.C. Cir. 1984)). Enforcement of the Resolution Agreement's provision for reasonable attorney's fees, then, does not require interpretation of the substantive provisions of Title VII with respect to Hansson's discrimination complaints, but only the application of well-known standards for determining reasonable attorney's fees. To the extent that Hansson also seeks attorney's fees for services related to her age discrimination claim under the ADEA, that determination does not involve an interpretation of Title VII, which she acknowledges is the only basis for her claim for attorney's fees, as she has not asserted a claim for fees under the ADEA itself. Hansson's vague policy objection that the Court of Federal Claims is not a "national court" like the district court is unavailing in light of our precedent.

Hansson points out that the Court of Federal Claims "has consistently held that it lacks jurisdiction to hear claims alleging the breach of a Title VII settlement agreement due to the comprehensive statutory scheme established under Title VII of the Civil Rights Act." *Griswold v. United States*, 61 Fed. Cl. 458, 465 (2004); *see Lee v. United States*, 33 Fed. Cl. 374, 378-79 (1995); *Fausto v. United States*, 16 Cl. Ct. 750, 753 (1989). These cases can all be distinguished, however, on the ground that they involved claims for equitable relief that the Court of Claims lacked jurisdiction to grant. *See Griswold*, 61 Fed. Cl. at 460; *Lee,* 33 Fed. Cl. at 376-77; *Fausto*, 16 Fed. Cl. at 751. We are unaware of any case in which the Court of Federal Claims has denied jurisdiction over an action to enforce a Title VII settlement agreement in which only money relief is sought. The cases cited by Hansson in her supplemental brief that involve annual and sick leave and back pay are not to the contrary. *See Taylor v. United States*, 54 Fed. Cl. 423, 423

(2002); *Mitchell v. United States*, 44 Fed. Cl. 437, 438 (1999).

The Federal Circuit appears to agree with the Court of Federal Claims' precedent that "the Court of Federal Claims lacks jurisdiction 'over actions for breach of settlement agreements when the agreements ar[i]se from disputes which would have been litigated in other fora.'" *Massie v. United States*, 166 F.3d 1184, 1188 (Fed. Cir. 1999) (alteration in original); *cf. St. Vincent's Med. Ctr. v. United States*, 32 F.3d 548, 550 (Fed. Cir. 1994) (Medicare Act); *Chin v. United States*, 890 F.2d 1143, 1146 (Fed. Cir. 1989) (Postal Reform Act). It also appears to agree with this court's precedent that the Court of Federal Claims lacks jurisdiction under the Tucker Act only if "disposition of the contract claim would require review of subject matter reserved to another body," *Massie*, 166 F.3d at 1189; *cf. Bobula v. U.S. Dep't of Justice*, 970 F.2d 854, 858 (Fed. Cir. 1992) (Civil Service Reform Act). In holding that the Court of Federal Claims had jurisdiction over a claim for an annuity under the comprehensive remedial scheme of the Military Claims Act ("MCA"), the Federal Circuit distinguished between "review of the substantive issues of the MCA claim — the existence and extent of the government's liability" — and the enforcement of "an express contract embodying" the claimant's entitlement to the annuity under the MCA. *Massie*, 166 F.3d at 1189. This jurisdictional line is analogous to that drawn by this court in *Brown*, 389 F.3d at 1296, *Shaffer*, 725 F.3d at 373, and *Madison Hotel*, 97 F.3d at 1485. Finally, the Court of Federal Claims has acknowledged our decision in *Brown*, *see Boston Edison Co. v. United States*, 64 Fed. Cl. 167, 178 (2005), and the Secretary affirmatively stated in briefing that Hansson's claim is one in contract within the exclusive jurisdiction of the Court of Federal Claims and through counsel represented to the court during oral argument that, contrary to the government's position in other cases, *see, e.g.*, *Massie*, 166 F.3d at 1188; *Griswold*, 61 Fed. Cl. at 461, the government

would not argue in the Court of Federal Claims that that court lacks jurisdiction over Hansson's claim for attorney's fees. Therefore, this court has no reason to conclude that the Court of Federal Claims will not accept jurisdiction over Hansson's claim. *Cf. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 808, 818-19 (1988).

Because Hansson's claim for attorney's fees neither requires an interpretation of Title VII with respect to her discrimination complaint nor seeks equitable relief under Title VII, but rather seeks reasonable attorney's fees defined by well-established standards, it is a contract claim against the United States for more than $10,000. Under *Shaffer* and *Brown*, Hansson's claim for attorney's fees is within the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act. Accordingly, we hold that the district court lacked jurisdiction over Hansson's complaint, and we vacate the opinion and judgment of the district court and remand the case to the district court with instructions to transfer the case to the Court of Federal Claims. *See* 28 U.S.C. § 1631.